# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRION LARRY ALEXANDER,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>G. YBARRA, et al.,<br><br>　　　　　Defendants. | Case No. 1:17-cv-00804-DAD-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>[ECF No. 27] |

　　　Plaintiff Darrion Larry Alexander is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　Currently before the Court is Defendants' exhaustion-related motion for summary judgment, filed May 23, 2018.

## I.

## RELEVANT HISTORY

　　　This action is proceeding against Defendants A. Johnson, G. Ybarra, E. Lopez, M. Garcia, E. Barron, O. Delgado, and T. Lee for excessive force in violation of the Eighth Amendment.

　　　As previously stated, on May 23, 2018, Defendants filed a motion for summary judgment arguing that Plaintiff failed to exhaust the administrative remedies.[1]  Plaintiff did not file an opposition, and the time period to do has expired.  Local Rule 230(l).  Accordingly, Defendants' motion for summary judgment is deemed submitted for review without oral argument.  (Id.)

///

---

[1] Concurrently with the motion for summary judgment, Defendant Hebron served Plaintiff with the requisite notice of the requirements for opposing the motion.  Woods v. Carey, 684 F.3d 934, 939-41 (9th Cir. 2012); Rand v. Rowland, 154 F.3d 952, 960-61 (9th Cir. 1998).

1

# II.

# LEGAL STANDARD

## A. Statutory Exhaustion Requirement

The Prison Litigation Reform Act (PLRA) of 1995, requires that prisoners exhaust "such administrative remedies as are available" before commencing a suit challenging prison conditions." 42 U.S.C. § 1997e(a); see Ross v. Blake, __ U.S. __ 136 S.Ct. 1850 (June 6, 2016) ("An inmate need exhaust only such administrative remedies that are 'available.'"). Exhaustion is mandatory unless unavailable. "The obligation to exhaust 'available' remedies persists as long as *some* remedy remains 'available.' Once that is no longer the case, then there are no 'remedies … available,' and the prisoner need not further pursue the grievance." Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005) (emphasis in original) (citing Booth v. Churner, 532 U.S. 731, 739 (2001)).

This statutory exhaustion requirement applies to all inmate suits about prison life, Porter v. Nussle, 534 U.S. 516, 532 (2002) (quotation marks omitted), regardless of the relief sought by the prisoner or the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and unexhausted claims may not be brought to court, Jones v. Bock, 549 U.S. 199, 211 (2007) (citing Porter, 534 U.S. at 524).

The failure to exhaust is an affirmative defense, and the defendants bear the burden of raising and proving the absence of exhaustion. Jones, 549 U.S. at 216; Albino, 747 F.3d at 1166. "In the rare event that a failure to exhaust is clear from the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6)." Albino, 747 F.3d at 1166. Otherwise, the defendants must produce evidence proving the failure to exhaust, and they are entitled to summary judgment under Rule 56 only if the undisputed evidence, viewed in the light most favorable to the plaintiff, shows he failed to exhaust. Id.

## B. Summary Judgment Standard

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted); Albino, 747 F.3d at 1166; Washington Mut. Inc. v. U.S., 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position,

whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The Court may consider other materials in the record not cited to by the parties, although it is not required to do so. Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010).

The defendants bear the burden of proof in moving for summary judgment for failure to exhaust, Albino, 747 F.3d at 1166, and they must "prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy," id. at 1172. If the defendants carry their burden, the burden of production shifts to the plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Id. "If the undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56." Id. at 1166. However, "[i]f material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." Id.

### III.

### DISCUSSION

#### A. Description of CDCR's Administrative Remedy Process

Plaintiff is a state prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"), and CDCR has an administrative remedy process for inmate grievances. Cal. Code Regs. tit. 15, § 3084.1 (2014). Compliance with section 1997e(a) is mandatory and state prisoners are required to exhaust CDCR's administrative remedy process prior to filing suit in federal court. Woodford v. Ngo, 548 U.S. 81, 85-86 (2006); Sapp v. Kimbrell, 623 F.3d 813, 818 (9th Cir. 2010). CDCR's administrative grievance process for non-medical appeals consists of three levels of review: (1) first level formal written appeals; (2) second level appeal to the Warden or designees; and (3) third level appeal to the Office of Appeals (OOA). Inmates are required to submit appeals on a

standardized form (CDCR Form 602), attach necessary supporting documentation, and submit the appeal within thirty days of the disputed event. Cal. Code Regs. tit. 15, §§ 3084.2, 3084.3(a), 3084.8(b). The California Code of Regulations also requires the following:

> The inmate or parolee shall list all staff member(s) involved and shall describe their involvement in the issue. To assist in the identification of staff members, the inmate or parolee shall include the staff member's last name, first initial, title or position, if known, and the dates of the staff member's involvement in the issue under appeal. If the inmate or parolee does not have the requested identifying information about the staff member(s), he or she shall provide any other available information that would assist the appeals coordinator in making a reasonable attempt to identify the staff member(s) in question.

Cal. Code Regs. tit. 15, § 3084.2(a)(3).

**B. Summary of Allegations Underlying Plaintiff's Constitutional Claims**

On May 11, 2015, officer A. Johnson informed Plaintiff that he had a phone conversation with the sergeant. Johnson then placed Plaintiff in restraints and escorted him from housing unit 5 cell 209 to the dining hall 4, between housing units 7 and 8. Plaintiff was placed in holding cell 6. After removing the restraints from Plaintiff, Johnson, then entered the sergeant's office to inform him of Plaintiff's whereabouts and left dining hall 4. A short time later, Johnson returned to dining hall 4, in response to an alarm with numerous correctional officers and registered nurse J. Presson. While Plaintiff was on his knees and handcuffed behind his back, Johnson grabbed Plaintiff by the left arm and attempted to stand the Plaintiff up so nurse Presson could examine him, but Plaintiff was in too much pain to stand or walk. After sergeant G. Ybarra placed leg restraints on Plaintiff, Johnson with the assistance of Defendant T. Lee, bypassed the gurney and wheelchair and carried Plaintiff to medical holding cell 22. After removing the leg restraints, Johnson hit Plaintiff repeatedly with clenched fists in the back of the head.

On this same date, sergeant G. Ybarra, existed the sergeant's office in dining hall 4 and approached holding cell 6, where Plaintiff was being held and informed Plaintiff that he was being moved from housing unit 5, cell 109, to housing unit 8 to get Plaintiff away from his cellmate inmate Sims. Plaintiff informed sergeant Ybarra that he was refusing to be moved because it was in retaliation to harass Plaintiff. Ybarra went to the sergeant's office and later returned with Defendants officers E. Lopez, M. Garcia, E. Barron, and O. Delgado, and Ybarra ordered Plaintiff to turn around

4

and cuff-up. When Plaintiff refused to cuff-up, Ybarra unlocked the holding cell door opened it and proceeded to attack Plaintiff by striking him in the face and chest area with clenched fists. When Plaintiff began defending himself by striking Ybarra in the face, Ybarra stepped back and ordered officers E. Lopez, M. Garcia, E. Barron, and O. Delgado to get the Plaintiff. Once out of the holding cell, Ybarra continued to beat Plaintiff by striking him in the face and body area. Ybarra then ordered officer E. Lopez to open the dining hall doors, where numerous officers entered the dining hall. Ybarra told the officers that Plaintiff attacked them and Plaintiff told the officers that Ybarra, Lopez, Garcia, Barron and Delgado attacked the Plaintiff for refusing to cuff up while Plaintiff was in the holding cell. Ybarra then placed leg restraints on Plaintiff's ankles and snatched them by the links and with the assistance of Johnson and T. Lee, Plaintiff was carried to the medical unit bypassing the gurney and wheelchair. Upon entering the medical holding cell, Ybarra removed Plaintiff's leg restraints and began attacking Plaintiff by choking him and banging his head against the wall. Ybarra requested the triangle restraint chains and attached them to the handcuffs and proceeded to drag Plaintiff across the holding cell floor to the closed door and began yanking on the triangle security chains so fiercely that the handcuffs cut into Plaintiff's wrists and forced Plaintiff to defecate on himself. Once the Plaintiff's wrists were out of the food port holding cell, Ybarra began twisting Plaintiff's wrists so violently that Plaintiff lost feeling in his hands which resulted in a torn tendon in Plaintiff's finger.

On this same date, Defendant officer M. Garcia, began striking Plaintiff in the head and body area with his clenched fists. M. Garcia grabbed Plaintiff by the arms and pulled him from the holding cell and placed Plaintiff in a choke hold and dragged him to the ground. Once the Plaintiff was in handcuffs, M. Garcia began striking the Plaintiff in the head and body area until Ybarra ordered him to stop.

On this same date, Defendant officer E. Barron, attacked Plaintiff by entering the holding cell and striking Plaintiff in the stomach area with clenched fists and wrapped his arms around Plaintiff's waist pulling him from the holding cell. Once the Plaintiff was out of the holding cell, E. Barron wrapped his arms around Plaintiff's legs and began gouging them as he pulled the Plaintiff to the ground until Ybarra ordered him to stop.

On this same date, Defendant officer E. Lopez, began striking Plaintiff in the head and body area with his baton, while Plaintiff was in the holding cell. When Plaintiff was out of the holding cell on the dining hall ground officer Lopez began stepping on Plaintiff's left hand. When Plaintiff was in handcuffs officer Lopez began striking Plaintiff with the baton in the waist and hip area until Ybarra ordered Lopez to stop and open the dining hall doors.

On this same date, Defendant officer O. Delgado began striking Plaintiff in the head with clenched fists while Plaintiff was in the holding cell. When Plaintiff was out of the holding cell on the dining hall ground, officer Delgado began twisting Plaintiff's right arm and striking Plaintiff in the lower back area. After Delgado placed Plaintiff in handcuffs, he continued to strike Plaintiff in the body area until Ybarra ordered Delgado to stop.

On this same date, Defendant officer T. Lee placed Plaintiff in the triangle security chain and began yanking on it so fiercely that the handcuffs cut into Plaintiff's wrist and forced Plaintiff to defecate on himself. This force was applied to Plaintiff until the handcuffs were removed.

### C. Statement of Undisputed Facts[2]

1. Before August 1, 2008, the appeals office at the California Correctional Institution (CCI) received and reviewed all inmate appeals at the first and second levels of review; since then, the Health Care Appeals Office receives and reviews appeals concerning medical, dental and mental health care services. (Declaration of Wood [Wood Decl.] ¶ 3, ECF No. 27-4.)

2. Non-health care appeals are appropriate for allegations of excessive force, failure-to-protect, retaliation, or any other alleged misconduct by correctional officers or their superiors. (Wood Decl. ¶ 4.)

3. When an inmate submits an appeal that does not comply with regulations governing the appeal process, the Appeals Coordinator will reject (or "screen out") and return the appeal with the reason for the screening, and instructions on how to correct the defect, if correction is possible. (Wood Decl. ¶ 5.)

---

[2] Hereinafter referred to as "UDF".

4.      From 2012 to the present, when the Appeals Office receives an inmate appeal, the policy and practice was and is for an Appeals Coordinator to assign a log number, and make an initial provisional determination of the issue raised by the appeal. (Wood Decl. ¶ 6.)

5.      Between May 11, 2015 and June 14, 2017, Plaintiff submitted only two appeals that the appeals office at the CCI accepted for review: CCI-0-15-01234 and CCI-0-15-01444. (Wood Decl. ¶ 7; Ex. A.)

6.      Appeal CCI-0-15-01444 concerned a funds issue, and appeal CCI-0-15-01234 concerned the incident on May 11, 2015, that gave rise to this action. (Wood Decl. ¶¶ 7-8, Ex. B.)

7.      The Office of Appeals (OOA), formerly the Inmate Appeals Branch, for the California Department of Corrections and Rehabilitation (CDCR), receives and maintains inmate appeals accepted for a third-level review, and renders decision on such appeals at the third level, the final review in CDCR's administrative appeals process. (Declaration of M. Voong [Voong Decl.] ¶¶ 1-3; ECF No. 27-5.)

8.      Plaintiff submitted only three appeals that OOA both accepted for review after May 11, 2015, and decided by June 14, 2017, none of which related to Plaintiff's claims in this action. (Voong Decl. ¶ 4; Ex. C.)

**D.      Analysis of Defendants' Motion**

Defendants argue that Plaintiff did not complete the administrative process for any appeal concerning his claims against Defendants Barron, Delgado, Garcia, Johnson, Lopez, Lee, and Ybarra prior to bringing this action.

The incident giving rise to this action occurred on May 11, 2015, and Plaintiff filed the instant action on June 14, 2017. It is undisputed that between May 11, 2015, and June 14, 2017, Plaintiff submitted only two appeals that the appeals office at the CCI accepted for review. (Wood Decl. ¶¶ 7-8, Ex. B.) Appeal CCI-0-15-01444 concerned a funds issue. (Wood Decl. ¶ 7.) Appeal CCI-0-15-01234 concerned the incident on May 11, 2015, which gave rise to the instant action. (Wood Decl. ¶ 7.) Appeal CCI-0-15-01234 was granted in part at the second level of review in that an investigation into Plaintiff's allegations of staff misconduct was conducted and the investigation was referred to the Hiring Authority. The second level review decision specifically stated:

7

> Your appeal has been referred by the hiring authority to a trained investigator to determine whether the evidence warrants an investigation or an inquiry. After the determination has been made your complaint will be processed accordingly and you will be notified of the outcome. If investigated, upon completion of that investigation, you will be notified as to whether the allegations were SUSTAINED, NOT SUSTAINED, UNFOUNDED, EXONERATED or there was NO FINDING. In the event that the matter is not investigated, but returned by OIA to the institution or region to conduct an Appeal Inquiry, you will be notified upon the completion of that inquiry whether it was determined that staff did, or did not, violate policy.
>
> ALL STAFF PERSONNEL MATTERS ARE CONFIDENTIAL IN NATURE.
>
> • As such, the details of any inquiry will not be shared with staff, members of the public or offender appellants.
>
> • Although you have the right to submit a staff complaint, a request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the staff complaint process. A variety of personnel actions may be initiated by the Department based upon the content of your complaint and the outcome of any investigation or inquiry conducted as a result of your complaint.
>
> • Allegations of staff misconduct do not limit or restrict the availability of further relief via the inmate appeals process.
>
> If you wish to appeal the decision and/or exhaust administrative remedies, you must submit your staff complaint appeal through all levels of appeal review up to, and including, the Secretary's/Third Level of Review. Once a decision has been rendered at the Third Level, administrative remedies will be considered exhausted.

(Wood Decl., Ex. B.)

Plaintiff then sought review at the third and final level over three months later, stating, "I am requesting that the named officers be investigated and placed under arrest for their actions against me and I want to be compensated for being assaulted by them unjustly in violation of their procedure and policy they were sworn to uphold." (Compl. at 12, ECF No. 1.) The appeal was rejected on November 5, 2015 for failure to submit originals in twelve-point ink, and there is no evidence that Plaintiff re-submitted such appeal. (Voong Decl., Ex. C.) Indeed, it is undisputed that Plaintiff submitted only three appeals that OOA both accepted for review after May 11, 2015, and decided by June 14, 2017: appeals CCI-15-00522, CCI-15-01444, and HDSP-16-03628. (Voong Decl. ¶ 4, Ex. C.) Accordingly, Defendants have meet their burden of proof in demonstrating that Plaintiff has failed to exhaust the administrative remedies with respect to the claims in this action, and burden shifts to

Plaintiff to come forward with evidence "showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Albino, 747 F.3d at 1172.

Plaintiff did not file an opposition and there is no evidence before the Court that something in this case made the existing administrative remedies effectively unavailable to Plaintiff. The Ninth Circuit has held that there are exceptions to the general PLRA exhaustion requirement where the actions of prison staff render a prisoner's administrative remedies "effectively unavailable." See Nunez v. Duncan, 591 F.3d 1217, 1226 (9th Cir. 2010) (a Warden's rejection based upon mistaken reliance on a regulation "rendered [the prisoner's] administrative remedies effectively unavailable"); Sapp v. Kimbrell, 623 F.3d at 823 (prison officials can render "administrative remedies effectively unavailable by improperly screening a prisoner's grievances"); Albino v. Baca, 747 F.3d at 1177 (failure to inform a prisoner of the administrative appeals process following multiple requests for instruction rendered his administrative remedy effectively unavailable); McBride v. Lopez, 807 F.3d 982, 987 (9th Cir. 2015) ("the threat of retaliation for reporting an incident can render the prison grievance process effectively unavailable."); Brown v. Valoff, 422 F.3d at 940 (plaintiff not required to proceed to third level where appeal granted at second level and no further relief was available). Specifically, there is no evidence that Plaintiff was unaware of the prison's administrative grievance procedure, or that any prison official erred in the interpretation of any regulation in deciding the administrative appeals. Although in his complaint, Plaintiff submitted that he exhausted the administrative remedies, such statement is contradicted by the evidence submitted by Defendants, and the cancellation of his appeal at the third level of review does not constitute proper exhaustion of the administrative remedies. Cal. Code Regs. tit. 15, § 3084.1(b). Plaintiff was clearly informed in the second level review decision that further administrative remedies were available to him by means of a final appeal to the third level of review, and that he must submit his appeal through all levels of review in order to exhaust administrative remedies. Indeed, Plaintiff was apparently aware of such requirement as he filed a claim for review at the third level which was rejected on procedural grounds. Accordingly, Defendants' motion for summary judgment should be granted because Plaintiff failed to exhaust the administrative remedies as to the retaliation claim against her.

## IV.
## RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Defendants' motion for summary judgment be granted; and

2. The instant action be dismissed, without prejudice, for failure to exhaust the administrative remedies.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 24, 2018**

UNITED STATES MAGISTRATE JUDGE