UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRION LARRY ALEXANDER,<br><br>Plaintiff,<br><br>v.<br><br>G. YBARRA, et al.,<br><br>Defendants. | No. 1:17-cv-00804-DAD-SAB<br><br>ORDER DENYING PLAINTIFF'S MOTION TO ALTER THE JUDGMENT<br><br>(Doc. No. 37) |

Plaintiff Darrion Larry Alexander is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On November 27, 2018, the court granted defendants' motion for summary judgment and dismissed this action, without prejudice, due to plaintiff's failure to exhaust his administrative remedies prior to filing suit. (Doc. Nos. 35, 36.) On December 17, 2018, plaintiff filed the instant motion to alter the judgment. (Doc. No. 37.)

Following the filing the filing of this motion, on January 2, 2019, plaintiff filed a notice of appeal with the United States Court of Appeals for the Ninth Circuit, which was assigned case number 19-15025. (Doc. Nos. 38–40.) On January 8, 2019, the Ninth Circuit issued an order holding the appeal in abeyance pending this court's ruling on plaintiff's December 17, 2018,

/////

1

motion to alter the judgment.  (Doc. No. 41.)  On January 9, 2019, defendants filed an opposition to plaintiff's motion to alter the judgment.  (Doc. No. 42.)

        The court has reviewed plaintiff's motion and finds that it essentially reiterates the arguments already considered and rejected by this court.  Mere disagreement with the court's prior ruling provides no basis to grant a motion to amend or alter the judgment.  *See Kilgore v. Colvin*, No. 2:12-CV-1792 CKD, 2013 WL 5425313, at *1 (E.D. Cal. Sept. 27, 2013) ("Whatever may be the purpose of Rule 59(e) it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge."); *United States v. Westlands Water Dist.*, 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2011) ("To succeed [on a Rule 59(e) motion], a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.").  Because plaintiff has not demonstrated that the court's prior order was erroneous in any respect, the court finds no basis to grant the requested relief.

        For these reasons, plaintiff's motion to alter the judgment (Doc. No. 37) is denied.

IT IS SO ORDERED.

Dated:  **February 5, 2019**

UNITED STATES DISTRICT JUDGE